UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DENNIS RAY SUND,<br><br>                    Petitioner,<br><br>        vs.<br><br>DARIN YOUNG, ED LIGTENBERG,<br>THE ATTORNEY GENERAL OF THE<br>STATE OF SOUTH DAKOTA,<br><br>                    Respondents. | 5:14-CV-05070-KES<br><br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

Petitioner Dennis Ray Sund is before this court on a second petition for habeas corpus pursuant to 28 U.S.C. § 2254.  See Docket No. 1.  Respondents were ordered to file a response and in doing so, moved to dismiss Mr. Sund's petition without granting relief.  See Docket No. 6.   This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, district judge.  The following is this court's recommended disposition.

**FACTS AND PROCEDURAL HISTORY**

**A.    Proceedings in State Court**

In April, 2013, Mr. Sund was convicted in Spink County, South Dakota, of DUI-4th Offense and Felony Failure to Appear.  He was sentenced to five

years in prison for the DUI with two years suspended and two years imprisonment on the failure to appear.  Both sentences were to be served concurrently.  Mr. Sund appealed his convictions to the South Dakota Supreme Court.

The South Dakota Supreme Court affirmed Mr. Sund's convictions in an opinion issued January 21, 2014.  No petition for certiorari was filed with the United States Supreme Court.  Immediately following the conclusion of Mr. Sund's direct appeal, he did not file a habeas petition in state court.

**B.      First Federal Habeas Petition**

Mr. Sund filed his first habeas petition in federal court on April 9, 2014.  See Sund v. Young, Civ. No. 14-4052, Docket No. 1 (D.S.D. Apr. 9, 2014).  Mr. Sund was granted parole in state proceedings on May 2, 2014.  His federal habeas petition was dismissed on June 3, 2014, because Mr. Sund had never filed a petition seeking habeas relief in state court.  See id. at Docket Nos. 8, 9, & 10.  Therefore, he had failed to exhaust his available state remedies.  Id.  Mr. Sund did not appeal from the dismissal of this first federal habeas petition.  Id.

**C.      State Habeas Petition**

After the dismissal of his federal habeas petition, Mr. Sund filed a state habeas petition on June 4, 2014, in Spink County.  On June 24, 2014, the state filed a motion to dismiss Mr. Sund's state petition on the grounds that he had been paroled and was no longer "in custody."  The state circuit court granted the state's motion and dismissed Mr. Sund's state habeas petition,

citing <u>Bostick v. Weber</u>, 2005 S.D. 12, 692 N.W.2d 517.  An order denying the petition was filed on October 7, 2014.  No notice of entry of this order appears in the state court record.  Mr. Sund did not request the circuit court to issue a certificate of probable cause.  Nor did he seek a certificate of probable cause from the South Dakota Supreme Court.  No appeal from this decision was filed with the South Dakota Supreme Court.

Respondents in this action concede that Mr. Sund currently has no "currently available, non-futile state remedies" because he is no longer in custody.  <u>See</u> Docket No. 5 at p. 8 (citing <u>Smittie v. Lockhart</u>, 843 F.2d 295, 296 (8th Cir. 1988)).

**D.    Second Federal Habeas Petition**

Mr. Sund filed his second federal habeas petition in this court on October 15, 2014.  <u>See</u> Docket No. 1.  Respondents concede that Mr. Sund's petition is timely as it was filed within one year of the date his state court conviction became final.

**DISCUSSION**

**A.    State Court Exhaustion**

Federal habeas review of state court convictions is limited.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
 (A) the applicant has exhausted the remedies available in the courts of the state; or
 (B) (i) there is an absence of available State corrective process; or
  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
* * *

3

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

See 28 U.S.C. § 2254(b) and (c).  The above codifies what was previously a judicial doctrine of exhaustion.

A federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies.  See 28 U.S.C. § 2254(b).  "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991).  The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings.  Rose v. Lundy, 455 U.S. 509, 518 (1982).  The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (citation omitted).  The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court.  Federal courts should, therefore, dismiss a

petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level.  See 28 U.S.C. § 2254; Rose, 455 U.S. at 522. The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist."  Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context.  Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992).  "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding."  Id. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845.  "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

1.    **Step One--Did Sund fairly present the federal constitutional dimensions of his federal habeas corpus claim to the state courts?**

Fairly presenting a federal claim requires more than simply going through the state courts:

> The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies.

> Accordingly, we have required a state prisoner to present the state
> courts with the same claim he urges upon the federal courts.

Picard v. Connor, 404 U.S. 270, 276 (1971).  It is also not enough for the

petitioner to assert facts necessary to support a federal claim or to assert a

similar state-law claim.  Ashker, 5 F.3d at 1179.  The petitioner must present

both the factual and legal premises of the federal claims to the state court.

Smittie, 843 F.2d at 297 (citation omitted).  "The petitioner must 'refer to a

specific federal constitutional right, a particular constitutional provision, a

federal constitutional case, or a state case raising a pertinent federal

constitutional issue.' " Ashker, 5 F.3d at 1179.  This does not, however, require

petitioner to cite "book and verse on the federal constitution."  Picard, 404 U.S.

at 278 (citing Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)).  The

petitioner must simply make apparent the constitutional substance of the

claim.  Satter, 977 F.2d at 1262.

Here, Mr. Sund's claim is clearly not exhausted at the state level.

Following the circuit court's denial of his habeas petition, Mr. Sund had the

opportunity to pursue further relief, including requesting a certificate of

probable cause from the circuit court and requesting a certificate of probable

cause from the state Supreme Court if the circuit court refused to issue such a

certificate.  See SDCL § 21-27-18.1.  Mr. Sund did neither in this case.

Therefore, it is clear he has not exhausted his state court remedies.

### 2.   Step Two—Are there currently available, non-futile state remedies?

Although Mr. Sund has not exhausted his state remedies, the state court has clearly indicated that it will not entertain Mr. Sund's constitutional claims based on Bostick v. Weber.  "Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile." Smittie, 843 F.2d at 297 (citing Eaton v. Wyrick, 528 F.2d 477, 482 (8th Cir. 1975)).

In Bostick v. Weber, 2005 S.D. 12, ¶ 1, 692 N.W.2d 517, the South Dakota Supreme Court addressed the issue whether a habeas petition became moot if the petitioner was released from the penitentiary while his petition was still pending if the petitioner remained on parole.  The Bostick court interpreted the state habeas statute, SDCL § 21-27-1, which stated that habeas relief was available to "any person committed or detained, imprisoned or restrained of his liberty, under any color or pretense whatever, civil or criminal, . . ."  Id. at ¶ 8, 692 N.W.2d at 519.  The court interpreted the state habeas statutory scheme as demonstrating a specific legislative intent to require physical custody as a prerequisite to granting habeas relief.  Id. at ¶¶ 8-12, 692 N.W.2d 519-21.

The Bostick court distinguished the South Dakota state statute from the federal statute, 28 U.S.C. § 2254, which uses the word "custody."  Id. at ¶ 13, 692 N.W.2d at 521.  Although federal courts have held that "custody" applies to habeas petitioners who are on parole, the South Dakota court refused to apply

that interpretation to the South Dakota statute.[1]  Id.  The court noted that state courts are nearly equally divided on the question whether habeas relief can apply to parolees.  Id.  Holding that the South Dakota state habeas statute was more narrow than the federal statute and those of more-expansive states' habeas schemes, the South Dakota Supreme Court held the South Dakota legislature intended that habeas relief be afforded only to those actually in physical custody.  Id. at ¶ 14, 692 N.W.2d at 521.

The state circuit court that denied Mr. Sund habeas relief relied explicitly and exclusively based on the Bostick decision and Mr. Sund's status as a parolee.  Barring a change in state law, it is clear that Mr. Sund has no currently-available relief in state court based on Bostick.[2]  Even though Mr. Sund failed to pursue a certificate of probable cause from either the state circuit court or the state supreme court, it would clearly be futile to do so as the facts of Mr. Sund's case fall squarely within the holding of Bostick.  Under 28 U.S.C. § 2254(b)(1)(B)(i), then, Mr. Sund is not required to return to state

---

[1]Under federal law, being on probation, parole, supervised release, or being ordered to participate in certain rehabilitation programs constitutes being "in custody" for purposes of entertaining a habeas petition.  Jones v. Cunningham, 371 U.S. 236, 242-43 (1963) (parole);  United States v. Cervini, 379 F.3d 987, 989 n.1 (10th Cir. 2004) (supervised release); Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir. 1993) (rehabilitation programs); and United States v. Lopez, 704 F.2d 1382, 1384 n.2 (5th Cir. 1983) (probation).

[2] Whether a state remedy exists is determined as of the date Mr. Sund filed his second habeas petition in this court.  See Humphrey v. Cady, 405 U.S. 504, 516 (1972).  However, the statute of limitations under South Dakota law for Mr. Sund to bring a state habeas petition is two years.  See SDCL § 21-27-3.3. If Mr. Sund's parole were to be revoked and he were to be reincarcerated prior to the expiration of the two-year limitations period, this court expresses no opinion whether, at that point, Mr. Sund would have any available state remedies to raise his federal constitutional habeas claims.

court.  But that does not equate with a conclusion that this court is now free to review the merits of his federal constitutional habeas claims.  Instead, the court must analyze the application of the procedural default doctrine to Mr. Sund's case.

## B.    Procedural Default

Closely related to the doctrine of state court exhaustion is the doctrine of procedural default.[3]  Both doctrines are animated by the same principals of comity—that is, in our dual system of government, federal courts should defer action on habeas matters before them when to act on those petitions would undermine the state courts' authority, which have equal obligations to uphold the constitution.  See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (quoting Rose, 455 U.S. at 518, overruled in part on other grounds by Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012),[4] superseded in part on other grounds by

---

[3] Pre-AEDPA law held that procedural default must be raised by the state or it was waived.  See Gray v. Netherland, 518 U.S. 152, 166 (1996).  After passage of AEDPA in 1996, the defense is not waived unless the State expressly waives the requirement.  See Banks v. Dretke, 540 U.S. 668, 705 (2004) (citing 28 U.S.C. § 2254(b)(3)).  Here, respondents have not expressly waived the defense, but the court finds that even under pre-AEDPA law, the state has adequately pleaded the defense.  Although the respondent never uses the words "procedural default," they have urged the fact that Mr. Sund defaulted in state court, the fact that the state court relied upon state grounds in disposing of Mr. Sund's habeas petition, the fact that Mr. Sund currently has no available non-futile remedy in state court, and respondents have relied upon Smittie v. Lockhart, 843 F.2d 295 (8th Cir. 1988), a procedural default case.  See Docket No. 5.  The court finds that respondents have adequately pleaded a procedural default defense.  Obviously, Mr. Sund understood the respondents to have raised this defense as he himself addresses the "cause" prong of the doctrine.

[4] The Martinez decision modified that part of the Coleman decision involving whether ineffective assistance of habeas counsel can constitute "cause" excusing a procedural default.  See Martinez v. Ryan, ___ U.S. ___, 132 S. Ct.

statute as recognized in <u>Duncan v. Atchison</u>, 2014 WL 4062737 (N.D. Ill. Aug. 13, 2014).  If a petitioner has failed to exhaust administrative remedies, and further non-futile remedies are still available to him in state court, then the federal court dismisses the federal petition without prejudice, allowing the petitioner to exhaust his state court remedies.  <u>Carmichael v. White</u>, 163 F.3d 1044, 1045 (8th Cir. 1998).  Where the petitioner has no further state remedies available to him, analysis of the procedural default doctrine is the next step.

Procedural default is sometimes called the "adequate and independent state grounds" doctrine.  A federal habeas petitioner who has defaulted his federal claims in state court by failing to meet the state's procedural rules for presenting those claims, has committed "procedural default."  <u>Coleman</u>, 501 U.S. at 731-32, 735 n.1.  If federal courts allowed such claims to be heard in federal court, they would be allowing habeas petitioners to perform an "end run" around state procedural rules.  <u>Id.</u>  However, where no further non-futile remedy exists in state court, it is not feasible to require the petitioner to return to state court as would be the case in a dismissal for failure to exhaust state remedies.

In the <u>Coleman</u> case, the habeas petitioner, Coleman, had defaulted all of his federal claims by filing his notice of appeal from the state trial court three

---

1309, 1315 (2012) (holding that, where state law required that ineffective assistance of counsel claims may not be raised until habeas proceedings, ineffectiveness of habeas counsel may supply "cause" sufficient to excuse a procedural default).  <u>Martinez</u> has no application to this case as Mr. Sund was never represented by habeas counsel either before this court or in state circuit court.  Therefore, since there was no counsel, there can be no mistake of counsel in filing the habeas petitions discussed in this opinion.

days late.  <u>Coleman</u>, 501 U.S. at 727-28, 749.  The state appellate court then refused to hear Coleman's appeal on the basis of his late-filing of his notice of appeal.  <u>Id.</u> at 740.  The Court held "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[5]  <u>Id.</u> at 750.  <u>See also</u> <u>Ruiz v. Norris</u>, 71 F.3d 1404, 1409 (8th Cir. 1995) ("A district court need not consider the merits of a procedurally defaulted claim.") (citations omitted).

"Adequate and independent state grounds" exist for the state court's decision if the decision of the state court rests on state law ground that is independent of the federal question and adequate to support the judgment. <u>Coleman</u>, 501 U.S. at 729.  "This rule applies whether the state law ground is substantive or procedural."  <u>Id.</u> at 729.  "[A] state procedural ground is not adequate unless the procedural rule is strictly or regularly followed."  <u>Johnson</u> <u>v. Mississippi</u>, 486 U.S. 578, 587 (1988).  Mr. Sund makes no allegation that the physical-custody rule as a prerequisite to South Dakota state courts entertaining habeas petitions is arbitrarily or irregularly enforced.

---

[5] To fit within the fundamental miscarriage of justice exception, the petitioner must make a showing of actual innocence.  <u>Schlup v. Delo</u>, 513 U.S. 298, 321, (1995).   A successful claim of actual innocence requires the petitioner to support his allegations with new, reliable evidence.  <u>Weeks v. Bowersox</u>, 119 F.3d 1342, 1351 (8th Cir. 1997).  Mr. Sund does not invoke the fundamental-miscarriage-of-justice exception, so the court does not analyze that issue.

"The federal court looks to the last, reasoned state court opinion dealing with the claim to determine whether a specific contention is procedurally defaulted.  If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar that might otherwise have been available."  Clemons v. Leubbers, 381 F.3d 744, 750 (8th Cir. 2004) (citations omitted).

Because the last reasoned state court opinion dealing with Mr. Sund's habeas claims did not address their merits but rejected them on procedural grounds (i.e. the petition was not timely filed prior to Mr. Sund being paroled), this Court is precluded from reviewing them.  Coleman, 501 U.S. at 750; Weigers v.Weber, 37 Fed. Appx. 218, 219-20 (8th Cir. 2002) (unpublished) (prisoner's failure to timely appeal denial of state habeas resulted in failure to give South Dakota one full opportunity to resolve any constitutional issue by invoking one complete round of South Dakota's established appellate process–and thus his claims were procedurally defaulted).

A state procedural default bars federal habeas review unless the petitioner can demonstrate "cause" for the default *and* actual prejudice as a result of the violation of federal law.  Maynard v. Lockhart, 981 F.2d 981, 984 (8th Cir. 1992) (citations omitted, emphasis added).   If no "cause" is found, the court need not consider whether actual prejudice occurred.  Id. at 985; Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995) (citations omitted).  "The requirement of cause . . . is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims

12

and grounds for relief . . .” <u>Cornman v. Armontrout</u>, 959 F.2d 727, 729 (8th Cir. 1992).  The habeas petitioner must show that “some objective factor *external to [petitioner]* impeded [his] efforts.”  <u>Id.</u> (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)) (emphasis added).

A petitioner may show cause by demonstrating that the factual or legal basis for a claim was not reasonably available to the petitioner at the time or that there was interference by officials which prevented the petitioner from exhausting his state remedies.  <u>Murray</u>, 477 U.S. at 488.  A petitioner’s lay status, *pro se* status, and lack of education are not sufficient cause to excuse a procedural lapse in failing to pursue state court remedies.  <u>See</u> <u>Stewart v. Nix</u>, 31 F.3d 741, 743 (8th Cir. 1994); <u>Smittie</u>, 843 F.2d at 298.  Illiteracy or low intelligence are also not enough to demonstrate cause.  <u>See</u> <u>Criswell v. United States</u>, 108 F.3d 1381, *1 (8th Cir. 1997) (unpub’d.); <u>Cornman</u>, 959 F.2d at 729.  Finally, neither is ignorance of the law.  <u>Maxie v. Webster</u>, 978 F.2d 1264, *1 (8th Cir. 1992) (unpub’d.).

Mr. Sund alleges as cause that “he is not educated or trained in the aspect’s [sic] of law nor fully versed in the proper rules or procedure’s [sic].”  <u>See</u> Docket No. 16 at p. 2.  As discussed above, this does not constitute cause to excuse Mr. Sund’s procedural default.  <u>Smittie</u>, 843 F.2d at 298.  The Eighth Circuit has long held that “*pro se* status and lack of familiarity with the intricacies of the law cannot alone constitute cause.”  <u>McKinnon v. Lockhart</u>, 921 F.2d 830, 832, fn. 5 (8th Cir. 1990); <u>Williams v. Lockhart</u>, 873 F.2d 1129, 1130 (8th Cir. 1989).

13

The South Dakota Supreme Court affirmed Mr. Sund's convictions on direct appeal on January 21, 2014. Thereafter, Mr. Sund filed his first federal habeas petition in this court on April 9, 2014. If, instead of filing in federal court, he had filed his habeas petition in state court, he could have received a decision on the merits of that petition from the state court. Instead, he erroneously filed his petition in this court. That first federal habeas petition was properly dismissed due to Mr. Sund's failure to exhaust his state court remedies.

Mr. Sund was paroled on May 2, 2014. He then filed his state habeas petition on June 4, 2014, and, as discussed above, the state circuit court judge dismissed that petition on the grounds that Mr. Sund was no longer in physical custody, so South Dakota's habeas statutes no longer applied. This constitutes adequate and independent state grounds for the state circuit court's decision. Coleman, 501 U.S. at 729. Mr. Sund has shown no "cause" for the fact that he failed to follow the state's procedural rules in filing his state habeas petition prior to being paroled on May 2, 2014. In fact, since he demonstrated his ability to file a federal habeas petition one month prior to that date (on April 9, 2014), the record supports an inference that Mr. Sund could have filed his first habeas petition in state, instead of federal, court and thereby avoided default.

The doctrine of procedural default is not intended to "create a procedural hurdle on the path to" federal habeas relief. Mellott, 63 F.3d at 784. However, strong comity concerns underlie the reason for the rule's adoption. Id.

14

Mr. Sund has not alleged any grounds which would support a finding by this court that "cause" exists which would excuse his failure to comply with the state's rules.  Accordingly, the court recommends that Mr. Sund's second federal habeas petition again be dismissed, this time for procedural default.  A dismissal on grounds of procedural default is a dismissal *with* prejudice, unlike a dismissal for failure to exhaust state remedies, which is without prejudice. Compare Armstrong v. Iowa, 418 F.3d 924, 926-27 (8th Cir. 2005) (dismissal with prejudice is appropriate where the ground for dismissal is procedural default), with Carmichael, 163 F.3d at 1045-46 (dismissal for failure to exhaust state remedies where state remedies remain available to petitioner should be a dismissal without prejudice).

### CONCLUSION

This court respectfully recommends to the district court that respondents' motion to dismiss [Docket No. 6] be granted and that petitioner Dennis Sund's petition for habeas relief [Docket No. 1] be dismissed with prejudice.

It is hereby

ORDERED that Mr. Sund's motion to appoint counsel [Docket No. 2], motion for discovery [Docket No. 12], second motion for discovery [Docket No. 13], and third motion for discovery [Docket No. 14] are all denied as moot. Should the district court disagree with this magistrate judge's recommendation for dismissal, Mr. Sund may renew these four motions at a later date.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED February 4, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

16