UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DENNIS RAY SUND, <br><br> Petitioner, <br><br> vs. <br><br> DARIN YOUNG, Warden, South Dakota State Penitentiary, <br> ED LIGTENBERG, Executive Director, Board of Pardons and Paroles, and MARTY J. JACKLEY, Attorney General of the State of South Dakota, <br><br> Respondents. | 5:14-CV-05070-KES <br><br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

Petitioner, Dennis Ray Sund, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 asserting claims for ineffective assistance of counsel, among others. The petition was assigned to United States Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B) for the purpose of conducting any necessary hearings, including evidentiary hearings. On February 4, 2015, Magistrate Judge Duffy submitted her Report and Recommendation for disposition of this case to the court. Petitioner filed his objection to the report and recommendation on February 20, 2015. Respondents have not objected to the report. For the following reasons, the court adopts Magistrate Judge Duffy's report as modified by this opinion.

**PROCEDURAL HISTORY**

On November 17, 2002, Sund was arrested for driving under the influence in Spink County, South Dakota. *See* Supreme Ct. File 26702 at 12, 17. Sund was released on bond on November 22, 2002, with conditions to appear at all hearings

and to keep in contact with his attorney. *See id.* at 17 (affidavit of Spink County State's Attorney). Sund then failed to make his court appearances and did not keep in contact with his attorney. *See id.* On February 11, 2003, Spink County Judge Larry Lovrien issued a bench warrant for Sund's arrest pertaining to his DUI charge. *Id.* at 19. On February 26, 2003, the Spink County Court issued a warrant for Sund's arrest for failure to appear after release. Supreme Ct. File 26703 at 2. Sund was located and arrested in February 2013.

On April 24, 2013, Sund pleaded guilty to felony charges of driving under the influence (fourth offense) and failure to appear. He was sentenced to five years in prison on the DUI with two years suspended and two years in prison on the felony failure to appear. Both sentences were to be served concurrently. Sund filed an appeal to the South Dakota Supreme Court on August 22, 2013. On January 21, 2014, the South Dakota Supreme Court affirmed his conviction. No petition for certiorari was filed with the United States Supreme Court.

Sund then filed a notice of appeal with this court on April 7, 2014. *See* 4:14-cv-04052-KES (Docket 1). This court construed the notice of appeal to be a petition for writ of habeas corpus. 4:14-cv-04052-KES (Docket 5). The matter was referred to Magistrate Judge John Simko, who reviewed the petition and recommended dismissal because Sund failed to exhaust his state remedies. No objection was filed, and this court adopted the report.

Sund was released from state custody on parole on May 2, 2014. Thereafter, Sund filed a petition for writ of habeas corpus in state court on June 4, 2014. In his petition, Sund requested appointment of counsel. The State of South Dakota responded arguing that Sund had been paroled and therefore was not entitled to a writ of habeas corpus under South Dakota law. Sund replied that he was in custody because he was still on "probation [sic]." Additionally, he requested the court to

2

issue a certificate of probable cause and appoint an attorney to assist him. Petition for Writ of Habeas Corpus at 2-3, *Sund v. Young*, CIV 14-49 (Spink County Ct. June 6, 2014). No counsel was appointed to represent Sund in the state habeas proceeding. On September 30, 2014, State Circuit Court Judge Scott Myren denied Sund's request for a writ of habeas corpus. An order denying Sund's petition was filed on October 7, 2014. No notice of entry of this order appears in the state court record. Sund did not seek a certificate of probable cause from the South Dakota Supreme Court, and did not appeal the decision.

Sund then filed this pro se petition for writ of habeas corpus in federal court on October 16, 2014. The petition was referred to Magistrate Judge Duffy, who recommends denial of the petition.

## DISCUSSION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

### A.   Procedural Default

Magistrate Judge Duffy concluded that all of Sund's claims were barred from federal review due to procedural default and that he could not show adequate cause to overcome the default. Before seeking federal relief under 28 U.S.C. § 2254, a petitioner must "fairly present" the claim to the state courts. *Murphy v. King*, 652

3

F.3d 845, 848 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State.")). As a rule, a federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). This rule applies to bar federal habeas petitions "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id.* at 729-30. The requirement that prisoners first exhaust their claims in state court "protect[s] the state courts' role in the enforcement of federal law and prevent[s] disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. 732. "The bar to federal review may be lifted, however, if the prisoner can demonstrate cause for the procedural default in state court and actual prejudice as a result of the alleged violation of federal law." *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (quotations omitted).

Under the South Dakota state habeas statutory scheme, a prisoner must be in physical custody for habeas relief to be available. *Bostick v. Weber*, 692 N.W.2d 517, 519-21 (S.D. 2005); SDCL 21-27-1 (stating that habeas relief is available to "any person committed or detained, imprisoned or restrained of his liberty, under any color or pretense whatever . . . ."). Parole does not qualify as physical custody.

4

*Bostick*, 692 N.W.2d at 521. State Circuit Judge Myren rejected Sund's habeas claims on procedural grounds because the petition was not timely filed prior to when Sund was paroled. The decision to reject Sund's petition rests on adequate and independent state grounds under *Bostick*. Therefore, procedural default bars federal review of Sund's claims unless he can show cause for the default and actual prejudice as a result. *Maples*, 132 S. Ct. at 922.

### B.     Cause

Sund argues that Magistrate Judge Duffy erred by concluding that he has not demonstrated "cause" for his procedural default. In reaching her conclusion, the magistrate judge applied the *Coleman* rule, which holds that, in general, ineffective assistance of counsel during state collateral proceedings cannot serve as cause to excuse procedural default. *Coleman*, 501 U.S. at 754-55; *see also Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014). Sund, relying on *Maples* and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), contends that he can meet an exception to the general rule set forth in *Coleman*. Specifically, Sund contends that he can show cause because he was abandoned by his attorney at a critical stage of his state proceeding and was not appointed counsel for his post-conviction proceeding. In *Maples*, the petitioner was able to show cause because he was "disarmed by extraordinary circumstances quite beyond his control." *Maples*, 132 S. Ct. at 927. There, the petitioner's attorneys abandoned him without notice during his post-conviction proceeding, thus occasioning the default. "Not only was Maples left without any functioning attorney of record, the very listing of [his attorneys] as his representatives meant that he had no right personally to receive notice . . . Given no reason to suspect that he lacked counsel . . . Maples surely was blocked from complying with the State's procedural rule." *Id.*

5

By contrast, the evidence here does not show "extraordinary circumstances beyond [Sund's] control" and does not establish that Sund was abandoned by his attorney. *See id.* Attorney Gina Rogers represented Sund throughout the proceedings at the trial court and direct appeal stages. The record shows that she filed briefs and requests for discovery, and duly communicated with her client. *See* Supreme Ct. File 26702, 26703. Her representation ended when Sund's conviction was affirmed on appeal, and she notified Sund of such. Docket 1-1, 1-4, *Sund v. Young*, 4:14-CV-04052-KES, 2014 WL 2506194 (D.S.D. June 3, 2014) (letter from Rogers to Sund notifying him of South Dakota Supreme Court decision and stating that appeal was brought to final conclusion). Therefore, this case is distinguishable from *Maples*.

Sund also relies on *Martinez* in his attempt to show cause. In *Martinez*, the petitioner was able to show cause to excuse the default of his ineffective assistance of trial counsel claim because his first postconviction counsel was likewise ineffective, thus depriving him of an opportunity to present his claim in his first collateral proceeding. *Martinez*, 132 S. Ct. at 1314-15. In her report, Magistrate Judge Duffy concluded that *Martinez* did not apply to this case because Sund was never represented by habeas counsel, and therefore Sund could not show cause to bring his ineffective assistance claim. Docket 17, n.4.

*Martinez*, however, does apply in cases where the petitioner is unrepresented by counsel during an initial-review collateral proceeding. An initial-review collateral proceeding is defined as the state collateral proceeding that provides the first occasion to raise a claim of ineffective assistance of trial counsel. *Martinez*, 132 S. Ct. at 1315. The Supreme Court created a "narrow exception" in *Martinez* that "modif[ies] the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a

6

procedural default." *Id.* The *Martinez* exception allows a federal habeas court to find "cause" to excuse procedural default of an ineffective assistance claim where "(1) the claim of ineffective assistance of trial counsel was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; and (3) the state collateral review proceeding was the 'initial' review proceeding with respect to the 'ineffective-assistance-of-trial-counsel claim.' " *Dansby*, 766 F.3d at 834 (quoting *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013)). Thus, the second element contemplates a situation where a petitioner was not represented by counsel at his initial collateral review proceeding.

Sund has satisfied the second and third *Dansby* elements. First, ineffective assistance of counsel claims are generally not considered on direct appeal in South Dakota. *See State v. Hannemann,* 823 N.W.2d 357, 360 (S.D. 2012) ("Only in rare cases will an ineffective-assistance-of-counsel claim be ripe for review on direct appeal."); *State v. Arabie*, 663 N.W.2d 250, 256 (S.D. 2003). Thus, the collateral review proceeding was the initial review proceeding for the ineffective assistance claim. Second, Sund lacked counsel during the collateral review proceeding. Under South Dakota law, a petitioner is only entitled to appointment of counsel if he alleges grounds for habeas relief that are not frivolous. *State v. Reed,* 793 N.W.2d 63, 67 (S.D. 2010). Thus, the "cause" consisted of there being no counsel during the collateral review proceeding. To invoke the *Martinez* exception, however, Sund must also show that his underlying ineffective assistance of counsel claim is "substantial."[1] *Martinez*, 132 S. Ct. at 1318; *Dansby*, 766 F.3d at 834.

---

[1] In *Harms v. Cline*, 27 F. Supp. 3d 1173, 1186 (D. Kan. 2014) the Kansas District Court noted that Kansas law only requires the court to appoint counsel if it finds that the motion presents substantial questions of law or triable issues of fact. The court concluded that "the trial court did not appoint counsel for Petitioner, so it

"A substantial ineffective-assistance claim is one that has some merit."
*Dansby*, 766 F.3d at 834. By contrast, an insubstantial ineffective assistance claim
"does not have any merit or . . . is wholly without factual support, or . . . the attorney
in the initial-review collateral proceeding did not perform below constitutional
standards." *Martinez*, 132 S. Ct. at 1319. In considering whether an ineffective
assistance claim is substantial, district courts have evaluated the claim under the
standard set in *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *See, e.g.*,
*Velarde v. Archuleta*, No. 14-CV-02356-CMA, 2015 WL 3827106, at *16 (D. Colo.
June 19, 2015) (finding that petitioner could not show cause under *Martinez*
exception because ineffective assistance claim was not substantial under *Strickland*
test); *Chandler v. Stephens*, No. CIV. A. H-14-3547, 2015 WL 3728441, at *3-*4 (S.D.
Tex. June 15, 2015) (determining that ineffective assistance claim was not
substantial based on *Strickland* and therefore petitioner could not show cause
under *Martinez*); *Wright v. Hobbs*, No. 5:13-CV-201 KGB-JTR, 2015 WL 2374184, at
*5-*6 (E.D. Ark. May 18, 2015) ("For an ineffective-assistance . . . claim to have
'some merit,' a prisoner must establish that his attorney's conduct 'fell below an
objective standard of reasonableness . . . ' " under *Strickland*); *Davis v. Kelley*, No.
5:13CV00129-SWW-JTR, 2015 WL 1423866, at *5-*7 (E.D. Ark. Mar. 27, 2015)
(finding that petitioner could not show cause under *Martinez* because ineffective
assistance claim had no merit under *Strickland*); *Busby v. Stephens*, No.
4:09-CV-160-O, 2015 WL 1037460, at *3, *12, *14 (N.D. Tex. Mar. 10, 2015) (finding
that trial counsel's performance was not deficient under *Strickland* and therefore

---

necessarily found that Petitioner's claims were not substantial." *Id.* Out of caution,
however, the *Harms* court analyzed the petitioner's claim to determine if it had some
merit. Like Kansas, South Dakota only appoints counsel if the petitioner's claim is
not frivolous; it follows that Sund was not appointed counsel because his claims
were deemed frivolous. Nevertheless, like the *Harms* court, this court will examine
the substantiality of Sund's claim.

claim was not substantial and petitioner could not establish cause under *Martinez*); *Harms v. Cline*, 27 F. Supp. 3d 1173, 1186 (D. Kan. 2014) (examining the merits of petitioner's ineffective assistance claim under *Strickland* and finding that claim was not substantial, and therefore petitioner could not show cause under *Martinez*).

For an ineffective assistance of counsel claim to be substantial, Sund must show that his attorney's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms," and that the "professionally unreasonable" conduct of counsel "prejudiced the defense." *Strickland*, 466 U.S. at 687-88, 691-92. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In order to show prejudice in the context of plea agreements, Sund must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Thomas v. Lockhart*, 738 F.2d 304, 307 (8th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 689. Failure "to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011). If the *Strickland* standard is not met, Sund's ineffective assistance claim is without merit and does not satisfy the first *Dansby* element. *See, e.g.*, *Wright*, 2015 WL 2374184, at *6.

The record does not demonstrate that Rogers' conduct "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Rather, the record directly contradicts Sund's allegations of ineffective assistance. Sund claims that Rogers failed to file discovery motions, failed to object to the subpoena of Sund's former

9

attorney, failed to file motions to suppress or argue against the admittance of his destroyed blood sample, and did not obtain his medical records. Docket 1 at 5. The record shows that Rogers filed a pretrial discovery motion on April 19, 2013 (Supreme Ct. File 26703 at 26-29); filed a motion in limine to preclude testimony from Sund's former attorney (*Id.* at 33); and filed a motion in limine to limit testimony regarding Sund's destroyed blood sample. Supreme Ct. File 26702 at 57-59. Rogers' billing records show that she faxed release forms to obtain medical records. Supreme Ct. File 26702 at 70. Thus, Sund fails to demonstrate that Rogers' conduct did not "fall[] within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, and his ineffective assistance claim is therefore without merit. *See, e.g.*, *Wright*, 2015 WL 2374184, at *6; *Davis*, 2015 WL 1423866, at *5-*7.

Sund additionally alleges that Rogers failed to adequately represent him in his direct appeal in front of the South Dakota Supreme Court (Docket 1 at 5), and that she did not inform him of the South Dakota Supreme Court's decision until March 2014. Docket 18 at 1. The Eighth Circuit has declined to extend *Martinez* to claims alleging ineffective assistance of counsel on direct appeal. *Dansby*, 766 F.3d at 833. Rather, the *Coleman* rule, that "ineffective assistance of counsel during state postconviction proceedings cannot serve as cause to excuse procedural default," governs in all but the limited circumstances recognized in *Martinez. Dansby*, 766 F.3d at 833. Thus, even if Sund's ineffective assistance claim on direct appeal had some merit, it nevertheless would not fall under *Martinez.*

Finally, Sund makes no showing that he would have not pleaded guilty but for Rogers' conduct. *See Hill*, 474 U.S. at 59. Sund entered guilty pleas pursuant to a plea agreement and was sentenced in accordance with that agreement. The Eighth Circuit has explained that plea agreements are valid "if the record demonstrates that [the defendant] understood the charges against him, was not dissatisfied with the

services rendered by his attorney, and entered his plea knowingly and voluntarily." *United States v. Murphy*, 572 F.3d 563, 569 (8th Cir. 2009) (citation omitted). Sund stated at his sentencing hearing that he understood the terms of the plea agreement, discussed those terms with Rogers, was satisfied with Rogers' advice and services, and voluntarily entered into the plea agreement. Hr'g Tr. at 7, Supreme Ct. File 26703 at SEP. Following these exchanges, the court concluded:

> I find that Mr. Sund understands his rights; he understands the nature of the charges against him and the maximum penalty for those offenses; he understands the different pleas that he may enter and the consequences of those pleas; he's acting of his own free will; he's competent to enter a plea and he's being represented by competent counsel.

*Id.* at 7-8. Sund's dissatisfaction with his attorney is, in the face of the record, not credible. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (explaining "contentions that in the face of the record are wholly incredible" are entitled to summary dismissal); *see also Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003); *United States v. Journey*, 474 F.2d 1003, 1003-04 (8th Cir. 1973). Because Sund cannot demonstrate that Rogers' representation fell below the standard required by *Strickland* or that he suffered prejudice, he fails to establish each *Dansby* element. He therefore cannot show cause under *Martinez* to excuse his procedural default.

## CONCLUSION

This court has reviewed the magistrate judge's report and recommendation, as well as Sund's objections. This court rejects Sund's claim for relief as barred by procedural default. Accordingly, it is

ORDERED that the Report and Recommendation of Magistrate Judge Duffy (Docket 17) is adopted as amended by this opinion. The court overrules Sund's objections (Docket 18).

IT IS FURTHER ORDERED that Sund is granted a certificate of appealability on the issue of whether he can show cause and prejudice for his procedural default.

IT IS FURTHER ORDERED that respondents' motion to dismiss (Docket 6) is granted.

IT IS FURTHER ORDERED that Sund's motion to appoint counsel (Docket 2), motion for discovery (Docket 12), second motion for discovery (Docket 13), and third motion for discovery (Docket 14) are denied as moot.

Dated July 13, 2015.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

12